Nina M. Kiple, Appellee, v. Incorporated Town of Clermont, Appellant.

PLEADING:  Issues, Proof, and Variance—Personal Injuries.  Record 1  reviewed, and held to reveal no material variance between injuries alleged and injuries proven.

MUNICIPAL CORPORATIONS:  Streets—Constructive Notice.  Error 2  may not be predicated on the submission of the issue of constructive notice of the defective condition of a street, arising from stringing a wire across the street, when the record justifies a finding that the mayor of the municipality actively assisted in the original erection of the wire *in a negligent manner.*

**TRIAL:** Instructions—Failure to Except. A party on appeal may not
3 *enlarge* his exceptions to instructions.

**MUNICIPAL CORPORATIONS:** Streets—Erection of Banners. The
4 erection of wires across a public street and the placing of banners
thereon impose the duty on the public authorities to give reasonable
heed to the effect of the wind on such erection.

*Appeal from Fayette District Court.*—H. E. TAYLOR, Judge.

MARCH 7, 1922.

ACTION to recover damages for personal injuries. Trial
to a jury, and verdict and judgment for plaintiff. Defendant
appeals.—*Affirmed.*

*W. W. Comstock* and *Pickett, Swisher & Farwell,* for
appellant.

*James Cooney* and *E. H. Estey,* for appellee.

PRESTON, J.—On a prior appeal of this case, a judgment
upon a directed verdict for the defendant was reversed, and it
was held that the case was one for the jury. *Kiple v. Incorporated Town of Clermont,* 188 Iowa 248. The facts are quite
fully set out in the opinion on that appeal. The evidence is
practically the same on this appeal. We think the questions
now presented are, for the most part, ruled by the first decision.

1. It is thought by appellant that the jury should have
been told that some of plaintiff's claimed injuries were not
to be considered; that, in Instruction No. 1, all of plaintiff's
claims as to injuries appearing in her petition
were set out by the court; and that the court
did not, in the instructions, tell the jury how
many of plaintiff's claimed injuries might be considered, or
which of them; that there was no support in the evidence as to
those which we shall now mention.

1. PLEADING: issues, proof, and variance: personal injuries.

The petition alleged that plaintiff was struck and cut across
and upon her eyes, nose, and forehead; that her left wrist was
severely sprained; that she was severely and seriously injured
and bruised upon her right leg, on her left arm, upon her right

shoulder, and upon her right hip. The testimony of plaintiff is that the wire did strike her across the eyes; that, when she regained consciousness, her head ached, and the doctor gave her some medicine for her head. Another witness testifies that the wire first struck plaintiff's face. Though the language stated in the petition and the language used by the witnesses may not be precisely the same, we think the import is the same. The eyes, nose, and forehead are so closely connected that being struck across the eyes and being struck in the face, of which the nose and forehead are a part, are substantially the same. She testified that her left wrist was sprained, her shoulder and hip bruised, and her back sprained. The injuries to her right ankle and to the ligaments and muscles of her right leg are testified to at considerable length. It is not too much to say that the right ankle and the ligaments and muscles and bones connected therewith are a part of the right leg, and the left wrist is a part of the left arm. Another witness testified that she saw plaintiff's ankle after the casts and adhesive tape were removed, and she wore the elastic stocking; that the ankle was blue and swelled; that her limb was peeling nearly to her knee from the fever.

In addition to the allegations before set out, the petition alleged, perhaps a little more specifically as to some of these, that her right ankle was seriously and severely injured, and the ligaments connected therewith torn out; that the structures, flesh, and muscles at and about said right ankle were strained, bruised, and lacerated; and that plaintiff was severely and seriously shocked and hurt by being struck by said wire. There is no material variance; and surely, such as there was, if any, could not mislead the jury or prejudice the defendant.

2. The fourth division of Instruction No. 3, and Instruction No. 11, are thought to be erroneous. These have reference to constructive notice, and may be considered together. It is

2. MUNICIPAL CORPORATIONS: streets: constructive notice.

thought by appellant that the question of constructive notice should not have been submitted to the jury at all, because of the short time after the wire was down low enough to strike passers-by, and before the injury; but the evidence shows that the mayor of the town, assisted by others, put up the banner on the wire some four

days before the injury; and there is evidence that it was noticed that the poles to which the wire was fastened were leaning towards each other. The tendency of this would be, of course, to allow the wire to slack. The instruction first mentioned refers to both of these conditions,—that is, to the fact that the wire was low at the time of the injury,—and goes back to the time when the banner was originally put up. We deem it unnecessary to set out the instruction in full, but content ourselves with stating that we think it is in harmony with the opinion on the first appeal.

The objection now urged to Instruction No. 11 is that it required the defendant to show that the low condition of the wire was not due to the wind normally prevailing on the banner and telephone pole in question; and further, that it is in conflict with Instruction No. 3, before referred to. We do not think the instruction is susceptible to the construction which appellant attempts to place upon it. In other instructions, and all the way through, the jury was told that the burden of proof was upon plaintiff; but we think we are not called upon to discuss the matter at any length. Appellee contends that these objections were not contained or referred to in the exception taken by defendant to the instruction. The exceptions were in the motion for new trial, and, in reference to Instruction No. 11, it was stated, in substance, that, because of the short time that it was shown that the wire was down low enough to interfere with the use of the street, before the accident, this question should not have been submitted to the jury; and further that the jury was not told, in Instruction No. 11 or elsewhere, what amounts to constructive notice, or, in a general way, the lapse of time necessary to constitute or amount to constructive notice. This last proposition is not argued; but there is nothing in the exception in regard to the casting of the burden of proof upon defendant, or as to its being in conflict with Instruction No. 3. We think appellee's point is well taken, and that the exceptions are not sufficiently specific to raise the points now argued in reference to Instruction No. 11.

It may be well at this point to refer to the language used in the opinion on the former appeal. It was said, at page 251:

3. TRIAL: instructions: failure to except.

"It was the duty of the town to exercise reasonable care to have and to keep its streets in a reasonably safe condition for travel. It was not reasonably safe for travel at the time of the injury. If we assume that the town did not know of this condition, or if we assume, as a matter of law, that the condition that caused the injury had not existed for sufficient time to charge the town with notice, we turn then to a consideration of the causes which led up to and produced the condition which rendered the street admittedly unsafe. * * * If the defendant permitted the original condition to exist, and, in the exercise of reasonable care, should have anticipated the consequences that might and did follow, then it cannot be heard to complain that it did not have notice that consequences reasonably to be expected did follow; for it is held to know that which it could have anticipated by the exercise of reasonable care, and could, by such care, have anticipated and guarded against."

The matters referred to in the quotation were submitted to the jury on the last trial, and the jury was told, in effect, that, if the defendant did not have constructive notice, as explained in the instructions, the verdict should be for the defendant. Furthermore, defendant offered instructions in which it asked the court to instruct the jury on constructive notice to the town. Appellee contends that, by so doing, defendant waived any right to raise that question in this court. It seems unnecessary to pursue the subject further.

3. Instruction No. 6, of which complaint is made, is as follows:

"You are instructed that, if the defendant town permitted the use of said Union Street for the erection and placing of said banner upon said wires, and said wires upon the poles, it was the duty of said town, at all times thereafter, to take notice and guard against the ordinary action of the wind and elements upon and against said banner, wires, and poles, so as to keep the said street in a reasonably safe condition for travel, and to use reasonable care in anticipating and guarding against the effect of the ordinary action of the wind and the elements upon and against said banner, wires, and poles."

4. MUNICIPAL CORPORATIONS: streets: erection of banners.

This is in line with the language of the opinion on the former appeal, at page 253, where we said:

"The jury could well find that the injury followed as a proximate result of a condition known to the town, and permitted to exist for more than four days before the injury. When it permitted the use of the street, it was bound to take notice and guard against the action of the elements upon the thing which it permitted to exist, and it was for the jury to say whether or not, in the exercise of reasonable care for the safety of the traveler upon the street, in the discharge of that duty which it assumes, to keep its streets in a reasonably safe condition, it should have anticipated and guarded against the effect of the action of the elements on the thing which it permitted to exist. The record here presented makes it a pertinent matter for jury inquisition, and the court erred in not submitting it to them."

This instruction does not, as contended by appellant, make the defendant an insurer, but simply defines the duty of the town to use reasonable care in anticipating and guarding against the effect of the ordinary action of the wind, etc. The duty of the town was more fully explained in other instructions, and the jury was told that the town was not an insurer. As said, the mayor of the town was one of the parties who originally put up the banner. Notice to him was notice to the town of the conditions then existing. We think the instructions as a whole are fully as favorable to the defendant as it had a right to expect. Some of the questions now presented were presented on the former appeal, and as to them, they are foreclosed by the former opinion. As bearing somewhat upon the question of notice, see the very recent case of *Spiker v. City of Ottumwa,* 193 Iowa —.

There is no prejudicial error, and the judgment is— *Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.